UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| ROBERT L. HILD, JR., an individual,<br><br>Plaintiff,<br><br>v.<br><br>CANDACE OWENS FARMER, a/k/a CANDACE OWENS, an individual; CANDACE OWENS, LLC, a Delaware limited liability company; GEORGETOM, INC., a Delaware corporation; and JOHN and JANE DOES 1-10,<br>Defendants. | **ORDER TO SHOW CAUSE**<br><br>Case No. 2:26-cv-00896-DBB<br><br>District Judge David Barlow |

Plaintiff Robert L. Hild, Jr. filed this action on September 28, 2026, and asserts this court has jurisdiction based on diversity of citizenship.[1] But the complaint contains several deficiencies with respect to Plaintiff's jurisdictional allegations, such that the court cannot determine whether it in fact has diversity jurisdiction over this action.

The court "must, sua sponte, satisfy itself of its power to adjudicate in every case and at every stage of the proceedings."[2] "[S]ubject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived."[3] Consequently, courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party."[4]

---

[1] Compl., ECF No. 1, filed September 29, 2026.
[2] *State Farm Mut. Auto. Ins. Co. v. Narvaez*, 149 F.3d 1269, 1270–71 (10th Cir. 1998) (quoting *Tafoya v. U.S. Dep't of Justice*, 748 F.2d 1389, 1390 (10th Cir. 1984)).
[3] *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) (quoting *United States v. Cotton*, 535 U.S. 625, 630 (2002)).
[4] *Id.* (citing *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999)).

"The citizenship of an unincorporated entity—like an LLC—is derived from the citizenship of all the entity's members."[5] And when "any member of an unincorporated entity is itself an unincorporated entity, then the plaintiff must identify that unincorporated entity's members and those members' citizenship, tracing 'through however many layers' necessary to reach either a corporation or a natural person."[6] Further, when a case originates in federal court (as opposed to being removed to federal court), the general rule is "the diverse citizenship of the fictitious defendants must be established by the plaintiff in order to continue a federal court action."[7] Courts in this district have followed the general rule and require that a good-faith allegation be made as to the citizenship of Doe defendants.[8]

Here, Plaintiff has not identified and pled the citizenship of each of the members of Defendant Candace Owens, LLC; instead, Plaintiff alleges that Defendant Candace Owens "is *a member* and the sole manager of" the LLC.[9] Further, the complaint contains no allegations as to the citizenship of Defendants John and Jane Does 1-10.[10] Until Plaintiff pleads this information, the court cannot conclude that it has jurisdiction.

Accordingly, **on or before October 13, 2026**, Plaintiff shall plead the citizenship of each of the members of Candace Owens, LLC and make a good-faith allegation about the citizenship

---

[5] *Choice Hospice, Inc. v. Axxess Technology Solutions, Inc.*, 125 F.4th 1000, 1008 (10th Cir. 2025); *see also Siloam Springs Hotel, L.L.C., v. Century Sur. Co.*, 781 F.3d 1233, 1237–38 (10th Cir. 2015).
[6] *Choice Hospice Inc.*, 125 F.4th at 1009 (quoting *Gerson v. Logan River Acad.*, 20 F.4th 1263, 1269 n.2 (10th Cir. 2021)).
[7] *See Lee v. Airgas Mid-South, Inc.*, 793 F.3d 894, 899 (8th Cir. 2015) (citation modified). If a case is removed to federal court, an exception exists for Doe defendants. *See* 28 U.S.C. § 1441(b)(1).
[8] *See, e.g.*, *Van de Grift v. Higgins*, 757 F. Supp. 2d 1139, 1141 (D. Utah 2010); *Cherrington v. Yates*, 2:21-cv-00314, 2021 WL 3931387, at *2 (D. Utah Sept. 2, 2021).
[9] Compl. 4.
[10] *See generally id.*

of the Doe defendants. Failure to do so will result in the action being dismissed for lack of jurisdiction.

Signed September 29, 2026.

BY THE COURT

David Barlow
United States District Judge