E. Scott Savage (2865)
**Savage, Yeates & Waldron, PC**
2455 Parleys Way, Suite 200
Salt Lake City, Utah 84109
Tel: (801) 328-2200
ssavage@sywlaw.com

Jesse D. Franklin-Murdock*
Karin M. Sweigart*
**Sweigart Murdock, LLP**
1160 Battery Street, Suite 100
San Francisco, California 94111
Tel: (415) 873-0123
Jesse@sm-llp.com
Karin.Sweigart@sm-llp.com

*Counsel for Plaintiff*

**pro hac vice*

---

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| ROBERT L. HILD, JR., an individual,<br><br>Plaintiff,<br><br>v.<br>CANDACE OWENS FARMER, a/k/a CANDACE OWENS, an individual; CANDACE OWENS, LLC, a Delaware limited liability company; and GEORGETOM, INC., a Delaware corporation,<br><br>Defendants. | **ATTORNEY PLANNING MEETING REPORT**<br><br>Case No. 2:26-cv-00896-DBB<br><br>District Judge David Barlow |

## 1. PRELIMINARY MATTERS:

a. Describe the nature of the claims and affirmative defenses: Defendants maintain a popular video podcast about politics and current events. Plaintiff alleges that Defendants

defamed him and otherwise engaged in tortious conduct when they linked him to the assassination of Charlie Kirk in various podcast episodes.

Defendants will allege that Plaintiff fails to state a claim as a matter of law (with respect to some elements of the claim) or as a matter of fact given the Plaintiff's burden of proof. Defendants may assert certain privileges, including, but not limited to, (i) fair report and (ii) official proceedings. Defendants may also assert State and/or Federal Constitutional provisions restricting damages or liability regarding speech.

b. This case is _X_ not referred to a magistrate judge
_____ referred to magistrate judge ________________________
______under 636(b)(1)(A)
______under 636(b)(1)(B)
_____ assigned to a magistrate judge under General Order 07-001 and
____ all parties consent to the assignment for all proceedings or
____ one or more parties request reassignment to a district judge

c. Pursuant to Fed. R. Civ. P. 26(f), a meeting was held on 11/09/2026 at a video conference.

The following attended:
*Jesse D. Franklin-Murdock,*
counsel for *Plaintiff.*

*Charles L. Babcock, Joel Glover, and Noah Balch*
counsel for *all Defendants.*

d. The parties _____ have exchanged or __X__ will exchange, by thirty days after the disposition of any motion to dismiss, the initial disclosures required by Rule 26(a)(1).

e. Pursuant to Fed. R. Civ. P. 5(b)(2)(D), the parties agree to receive all items required to be served under Fed. R. Civ. P. 5(a) by either (i) notice of electronic filing, or (ii) email transmission. Such electronic service will constitute service and notice of entry as required by those rules. Any right to service by USPS mail is waived.

**2. DISCOVERY PLAN**: The parties jointly propose to the court the following discovery plan: *Use separate paragraphs or subparagraphs as necessary* ***if the parties disagree.***

a. Discovery is necessary on the following subjects: *Briefly describe the subject areas in which discovery will be needed.*

The parties reserve the right to conduct discovery within the scope of permissible inquiry under the Federal Rules of Civil Procedure. The parties agree that discovery is appropriate on each of the elements of a claim or defense asserted.

Plaintiff:

(i) Defendants' publications regarding the assassination of Charlie Kirk, including investigations and associated work product.
- Defendants agree only with respect to the challenged publications subject to applicable privileges but otherwise disagree.

(ii) Defendants' statements about Plaintiff.
- Defendants believe this category may be too broad.

(iii) Defendants' purported investigation into Plaintiff.
- Defendants agree with respect to the challenged publications but otherwise disagree.

(iv) Plaintiff's work related to the assassination of Charlie Kirk.
- Defendants agree that some "work" related to the Kirk assassination may be appropriate subject to applicable privileges, but, as stated, this category may be too broad.

Defendants:

(i) Information relating to Plaintiff's reputation.

(ii) Plaintiff's status as a public or private figure.

(iii) Plaintiff's alleged damages resulting from Defendants' statements about him, including his alleged mental distress.

b. Discovery Phases
*Specify whether discovery will (i) be conducted in phases, or (ii) be limited to or focused on particular issues. If (ii), specify those issues and whether discovery will be accelerated with regard to any of them and the date(s) on which such early discovery will be completed.*

No phases or limits on discovery.

c. Designate the discovery methods to be used and the limitations to be imposed.

(1) *For oral exam depositions, (i) specify the maximum number for the plaintiff(s) and the defendant(s), and (ii) indicate the maximum number of hours unless extended by agreement of the parties.*

Oral Exam Depositions
Plaintiff(s): 10
Defendant(s): 10
Maximum number of hours per deposition: 7

(2) *For interrogatories, requests for admissions, and requests for production of documents, specify the maximum number that will be served on any party by any other party.*

Interrogatories: 25

Admissions: The Parties do not wish to limit the number at this time without prejudice to their later claim for protection, if necessary.

Requests for production of documents: The Parties do not wish to limit the number at this time without prejudice to their later claim for protection, if necessary.

(3) Other discovery methods: *Specify any other methods that will be used and any limitations to which all parties agree.*

Third party subpoenas; potential independent medical examination.

d. Discovery of electronically stored information should be handled as follows: The parties intend to agree upon a protocol regarding the production of ESI, including the format of production, following service of requests for production of documents.

e. The parties will agree to an order regarding claims of privilege or protection as trial preparation material asserted after production, as follows: The parties intend to enter into a stipulated protective order that contains standard terms. The parties also contemplate suggesting to the court a snap-back provision to the extent privileged documents have been inadvertently produced.

f. Last day to file written discovery: 02/10/2028

g. Close of fact discovery: 03/10/2028

h. *(optional)* Final date for supplementation of disclosures under Rule 26(a)(3) and of discovery under Rule 26(e). The parties agree that there should be no date by which supplementation should be made.

**3. AMENDMENT OF PLEADINGS AND ADDITION OF PARTIES**:

a. The cutoff dates for filing a motion to amend pleadings are:
Plaintiff(s): 09/10/2027 Defendant(s): 09/10/2027

b. The cutoff dates for filing a motion to join additional parties are:
Plaintiff(s): 09/10/2027 Defendants(s): 09/10/2027

***(NOTE: Establishing cutoff dates for filing motions does not relieve counsel from the requirements of Fed. R. Civ. P. 15(a))***.

**4. EXPERT REPORTS**:

a. The parties will disclose the subject matter and identity of their experts on:

Party(ies) bearing burden of proof: 01/28/28
Counter Disclosures: 03/03/2028

b. Reports from experts under Rule 26(a)(2) will be submitted on:

Party(ies) bearing burden of proof: 01/28/2028
Counter Reports: 03/03/2028

**5. OTHER DEADLINES**:

a. Expert Discovery cutoff: 04/14/2028

b. Deadline for filing dispositive[1] or potentially dispositive motions, including motions to exclude experts where expert testimony is required to prove the case: 04/21/2028

c. Deadline for filing partial or complete motions to exclude expert testimony: 04/21/2028

**6. ADR/SETTLEMENT**:
*Use separate paragraphs/subparagraphs as necessary if the parties disagree.*

a. The potential for resolution before trial is: ___ good X fair ____ poor

b. The parties intend to file a motion to participate in the Court's alternative dispute resolution program for:

settlement conference (with magistrate judge): X
arbitration: _____
mediation: _____

c. The parties intend to engage in private alternative dispute resolution for:

[1] Dispositive motions, if granted, resolve a claim or defense in the case; nondispositive motions, if granted, affect the case but do not resolve a claim or defense.

arbitration: ______
mediation: X

d. The parties will re-evaluate the case for settlement/ADR resolution on: 08/27/2027

**7. TRIAL AND PREPARATION FOR TRIAL:**

a. The parties should have _____ days after service of final lists of witnesses and exhibits to list objections under Rule 26(a)(3) (if different than the 14 days provided by Rule).

b. This case should be ready for trial by: 07/17/2028

*Specify type of trial*: Jury X Bench __

c. The estimated length of the trial is: *specify days* 12-17 days (roughly 72-102 trial hours).

*/s/ Jesse D. Franklin-Murdock* Date: 11/16/2026
Signature and typed name of Plaintiff(s) Attorney

*/s/ Julianne P. Blanch* Date: 11/16/2026
Signature and typed name of Defendant(s) Attorney

---

## NOTICE TO COUNSEL

Instructions to file the Attorney Planning Meeting Report can be found on the court's Civil Scheduling webpage.